**In re The DEPARTMENT OF ENERGY STRIPPER WELL EXEMPTION LITIGATION.**

**MDL No. 378.**

United States District Court, D. Kansas.

Dec. 7, 1987.

John E. Varnum, Stoel, Rives, Boley, Jones & Grey, Washington, D.C., for Boise Cascade Corp., Cooper Industries, Inc., Hanson Industries, Inc.

George Bresny, Director, Dept. of Energy, Office of Hearings & Appeals, Washington, D.C., and Stephen C. Skubel, Office of the Gen. Counsel, Dept. of Energy, Washington, D.C., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

This matter is before the Court on the motions for review filed by Boise Cascade Corporation, Cooper Industries, Hanson Industries, and American Cyanamid Company (movants). Movants are seeking review of certain decisions of the Office of Hearings and Appeals (OHA) of the Department of Energy (DOE) in the Surface Transporters (ST) and Rail and Water Transporters (RWT) refund proceedings. A brief review of the background of this case will be helpful.

On July 7, 1986, this Court approved the terms of the Final Settlement Agreement. *See In re the Department of Energy Stripper Well Exemption Litigation,* 653 F.Supp. 108 (D.Kan.1986). To implement the terms of this agreement, this Court established eight escrows, including the Surface Transporters (ST) and the Rail and Water Transporters (RWT) escrows. *See* Order Establishing Surface Transporters Escrow, Dk. No. 873 (filed Aug. 7, 1986);

Order Establishing [Rail and Water] Transporters Escrow, Dk. No. 874 (filed Aug. 7, 1986). OHA was appointed Escrow Administrator of the ST and RWT escrows.

To participate in the refund proceedings, a refund applicant was required to submit a claim form and waiver and release identical to those included in the Court's August 7, 1986 orders. *See* Dk. No. 873, Attachment A (hereinafter ST Waiver and Release); Dk. No. 874, Attachment A (hereinafter RWT Waiver and Release). The claim form contains a waiver of all claims for end user refunds under 10 C.F.R. Part 205, Subpart V (Subpart V claims). ST Waiver and Release ¶¶ 7, 10; RWT Waiver and Release ¶¶ 7, 9. Further, the waiver was expressly made binding upon the applicant, "its parents, subsidiaries, affiliates, successors and assigns." ST Waiver and Release ¶ 9; RWT Waiver and Release ¶ 8.

This Court's August 7, 1986 orders provided for limited judicial review of OHA's determinations as Escrow Administrator:

> From a determination by the Escrow Administrator, there shall be no appeal, provided that the Escrow Administrator will provide an opportunity to claimants to seek reconsideration. [An ST or RWT] Claimant shall have no other remedy save and except an application to this Court upon the ground that a determination by the Escrow Administrator was made in bad faith and seeking the correction thereof. No other correction or adjustment to any determination by the Escrow Administrator or any other remedy or payment will be considered or made by this Court.

Dk. No. 873, ¶ 19; Dk. No. 874, ¶ 19.

On December 5, 1986, Boise Cascade Corporation (Boise) filed an application for a refund from the ST escrow. On December 8, 1986, Boise's subsidiary, Minnesota, Dakota and Western Railway Company filed an application for a refund from the RWT escrow. This application was later dismissed at the firm's request. On December 19, 1986, Boise also filed an application for a Subpart V refund. OHA granted Boise's ST application and denied Boise's

Subpart V application. *Boise Cascade Corp.*, 16 DOE ¶ 85,214 (1987).

On November 10, 1986, Columbia Lighting, Inc., an affiliate of Hanson Industries, applied for a refund from the ST escrow. On November 17, 1986, the Wagner Division of Cooper Industries, Inc. filed an application for a refund from the ST escrow. OHA granted both of these applications. *Roesch Lines, Inc.*, 16 DOE ¶ 85,172 (1987). On November 24, 1986, Shulton, Inc. and the American Cyanamid Company Chemical Group, two subsidiaries of American Cyanamid Company, filed applications for refunds from the ST escrow. OHA granted these applications. *Shulton, Inc.*, 16 DOE ¶ 85,179 (1987).

Movants subsequently filed motions for reconsideration with OHA, seeking to withdraw their ST and RWT Waivers and Releases in order to file larger Subpart V refund claims. OHA denied movants' requests, holding that the plain language of the ST and RWT Waivers and Releases notified the parties who executed the documents that they were waiving the Subpart V claims of their own companies and all affiliated companies. *Boise Cascade Corp.*, 16 DOE ¶ 85,494 (1987); *Columbia Lighting, Inc.*, 16 DOE ¶ 85,450 (1987); *American Cyanamid Co.*, 16 DOE ¶ 85,424 (1987).

■ In deciding the present motions, the Court is guided by the plain language of the orders establishing the ST and RWT escrows and the plain language of the ST and RWT Waivers and Releases. Movants have not alleged any bad faith on the part of OHA and the Court's independent review of the circumstances of these cases shows that OHA did not act in bad faith in refusing movants' requests to withdraw the waivers and releases. Without any evidence of bad faith, the Court cannot and will not overturn the decisions of OHA.

■ Movants have alleged that OHA erred in several particulars. The Court disagrees. Further, even if errors occurred, they do not rise to the level of bad faith. Movants first allege that their waivers and releases may be withdrawn because they were not supported by consider-

ation. Not only do the ST and RWT Waivers and Releases recite the consideration, *see* ST Waiver and Release ¶¶ 5, 7; RWT Waiver and Release ¶¶ 5, 7, the waivers and releases are supported by consideration. Movants agreed to waive and release all claims to Subpart V refund proceedings in exchange for the right to participate in, and receive monies from, the ST and RWT escrows. This is ample consideration to support the waivers and releases.

■ Second, movants allege that the employees who executed the waivers and releases lacked the authority to do so. The Court finds this argument unpersuasive. The parties who executed the documents stated under penalty of perjury that they were duly authorized to execute the waivers and releases and acknowledged that they were binding their companies to the waivers and releases. ST Waiver and Release ¶ 1; RWT Waiver and Release ¶ 1. The plain language of the waivers and releases must control. OHA is not required to ascertain the authority of the employees who executed the claim forms. The Court ordered OHA to use its best efforts to process all ST claims by February 7, 1988. DK. No. 873, ¶ 20. Requiring OHA to investigate each claim to determine whether the party executing the form was authorized would impede the goal of resolving this litigation as expeditiously as possible.

■ Movants' final argument is that the employees did not understand the legal effect of the documents they were executing. The Court rejects this argument as well. The language of the waiver and release is clear. Had the employees taken the time to read the forms, they could have determined the legal effect of their actions. If errors occurred, they were caused by the carelessness of the employees who executed these forms, and not by OHA.

The Court concludes that OHA has acted quite reasonably in its decisions affecting the movants. OHA has taken these actions to achieve the orderly administration of the two escrows. Movants are unable to make the showing of bad faith necessary for this Court to reverse OHA.

IT IS BY THE COURT THEREFORE ORDERED that the motions filed by Boise Cascade Corporation, Cooper Industries, Hanson Industries, and American Cyanamid Company for review of the actions of the Office of Hearings and Appeals of the Department of Energy are hereby denied.