BURLINGTON INDUSTRIES, INC., et al., Appellants,

v.

James D. WATKINS, Secretary of Energy, et al., Appellees.

No. D.C.–112.

Temporary Emergency Court of Appeals.

Submitted on the briefs.

Decided Sept. 19, 1990.

Philip P. Kalodner, Philadelphia, Pa., for appellants.

Marc Johnston, Stephen C. Skubel, U.S. Dept. of Energy, Washington, D.C., for appellees.

Before GARZA, Chief Judge, and CHRISTENSEN and BROWN, Judges.

WESLEY E. BROWN, Judge:

This case once again involves the refund procedures established in the *Stripper Well* M.D.L. litigation, *In re: The Department of Energy Stripper Well Exemption Litigation*, M.D.L. No. 378, 707 F.Supp. 1267 (D.Kan.1987), and the relation between those refunds and refunds which may be available through the Department of Energy Subpart V procedures, 10 C.F.R. Part 205, Subpart V.

The court has denied the motion of appellants to hear this case initially en banc and by order has placed this case on the summary calendar. (Order of June 11, 1990) The court had previously directed that the appellants in their brief should concentrate on the evidence they proposed to present, if allowed to do so, which would distinguish the facts in this case from those in *Mid–America Dairymen, Inc. v. Herrington*, 878 F.2d 1448 (TECA 1989). (Order of May 3, 1990)

After a review of the record in this case, and being fully informed as to the circumstances of appellants' claims, we find that the order dismissing this action should be affirmed.

In our recent decision in *Mid–America Dairymen, Inc. v. Herrington, supra*, we held that a release executed by a subsidiary of Mid–America in connection with a claim to refunds in the *Stripper Well* litigation barred a subsequent claim by Mid–America for refunds in a Subpart V proceeding.

Each of the plaintiffs in this action filed claims under Subpart V which were denied by the Office of Hearings and Appeals (OHA) of the Department of Energy on the ground that their claims had been waived in refund proceedings in the District of Kansas for payments out of the escrow fund established in the *Stripper Well* litigation. After denial of their claims by the OHA, plaintiffs filed this action seeking a review of the OHA determination, its reversal, and an order declaring that the waiver and release forms executed in the *Stripper*

*Well* litigation did not preclude recovery in the Subpart V proceedings.

On defendants' motion, the case was dismissed upon the ground that the *Mid–America* ruling "squarely controls" and that plaintiffs could not relitigate what was fully determined in *Mid–America.*

In this appeal, plaintiffs contend that there is "no basis" for the holding that waivers precluded each plaintiff's Subpart V claim for their own separate purchases; that plaintiffs should be permitted to produce evidence to relitigate the effect of the language found in the *Stripper Well* waivers; that plaintiffs should be permitted to produce evidence regarding the failure of OHA to inform claimants that their claims would be barred; and that the claim of plaintiff Boise Cascade is not foreclosed by *res judicata* or collateral estoppel.

The factual situation giving rise to this appeal is described in plaintiff's complaint.

Plaintiff Burlington Industries is a Delaware Corporation with its principal place of business at Greensboro, North Carolina. It is engaged in manufacturing textiles and related products, and it purchases and uses oil products in connection with its manufacturing operations. Burlington filed a Subpart V claim based on the purchase of almost 384 million gallons of oil products mainly used in its manufacturing processes. A subsidiary of Burlington, B.I. Transportation, Inc., filed a claim to *Stripper Well* funds for its purchase of 62 million gallons of oil products used in its trucking operations. Burlington's claim in the Subpart V proceedings was denied by OHA because of the waiver and release executed by B.I. Transportation, Inc., in its claim to the *Stripper Well* funds.

The plaintiff Packaging Corporation of America is a Delaware corporation with its principal place of business in Evanston, Illinois. This company is engaged in the manufacturing of paper and related products, purchasing and using oil products in these operations. Packaging Corporation of America filed a claim in Subpart V proceedings on the basis of the purchase of more than 152 million gallons of oil products for uses other than rail transportation,

principally used in its manufacturing processes. Its subsidiary, Corinth and Counce Railroad Company, filed a claim in the *Stripper Well* proceedings on the basis of the purchase of less than one million gallons of oil products used in its railroad operations. The claim of Packaging Corporation was denied by OHA because of the nature of the release and waiver signed by Corinth and Counce Railroad Company in the *Stripper Well* case.

The plaintiff Boise Cascade Corporation is a Delaware corporation with its principal place of business in Boise, Idaho. It is engaged in the manufacturing of paper and related products, purchasing and using oil products in these operations. Boise Cascade filed a claim in Subpart V proceedings in connection with its purchase of more than 552 million gallons of oil products for uses other than motor and rail transportation and for use principally in its manufacturing processes. A separate trucking division of Boise Cascade filed a claim in the *Stripper Well* litigation based upon the purchase of 55 million gallons of oil products in its trucking operations. In addition another subsidiary, the Minnesota, Dakota & Western Railway Company, filed a claim in the *Stripper Well* case based upon its purchase of less than 400,000 gallons of oil products used in its railroad operations.

It should be noted that plaintiff Boise Cascade has previously challenged OHA enforcement of the *Stripper Well* waiver in the Kansas district court. See *In Re: Dept. of Energy Stripper Well Exemption Lit.,* 707 F.Supp. 1267 (D.C.Kan.1987).

We need not repeat our examination of the nature of the releases and waivers filed in the *Stripper Well* litigation and the effect of those waivers on affiliated companies who filed their own separate claims in Subpart V proceedings for refunds. An examination of the record here discloses that the situation of all of the plaintiffs is similar in all material respects to that of the plaintiff in *Mid–America.* We refer to our ruling in *Mid–America:*

> The plain language of the Agreement and Waiver forms states that if you make claim to *Stripper Well* escrow

funds, you may not make a claim to other overcharge recoveries, except in certain instances specifically mentioned in the Agreement.

\* \* \* \* \* \*

Any limitation of the release on the basis of "gallonage" would require a complete re-writing of the Settlement Agreement, the Order Establishing the Surface Transporters Escrow Fund, and the accompanying release and waiver form. There is no "internal inconsistency" in the Settlement Agreement with reference to the waiver, and the language in that Agreement is clear and not ambiguous. When Roberts (the subsidiary) executed the release and waiver, it released *all* of its claims, and *all* of the claims of any of its affiliates to any further participation in Subpart V refund proceedings, unless such claim was specifically exempted from coverage by other language contained in the Settlement Agreement. There was no language in that Agreement limiting waiver and release on a "gallonage basis." 878 F.2d at 1456 and 1457. (Emphasis of the court; footnotes omitted)

Contrary to appellants' assertion here, the OHA did not fail in any duty to inform Subpart V claimants of the effect of the releases and waivers executed in the *Stripper Well* litigation. As noted above, the releases and waivers were very clear on their face. "Those parties making claims against the *Stripper Well* escrow funds and executing waivers and releases in connection with such claims must bear responsibility for and accept the consequences of, their own decisions and elections of remedies." *Mid–America*, 878 F.2d at 1457.

The trial court correctly found that our decision in *Mid–America* was controlling, and that the claim of plaintiff Boise Cascade was further barred by reason of *res judicata* and collateral estoppel.

The judgment and order of the district court dismissing this action is AFFIRMED.